**MALK & POGO LAW GROUP, LLP**
Valter Malkhasyan (SBN 348491)
*valter@malkpogolaw.com*
Erik Pogosyan (SBN 345650)
*erik@malkpogolaw.com*
1241 S. Glendale Ave, Suite 204
Glendale, CA 91205
Tel: (818) 484-5204
Fax: (818) 824-5144

*Counsel for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OGANES MARTIN MISHIKYAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> OMI INDUSTRIES, INC. <br><br> Defendant. | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> 1. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE § 17200, *et seq.* <br><br> 2. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500, *et seq.* <br><br> 3. VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE § 1750, *et. seq.* <br><br> 4. UNJUST ENRICHMENT <br><br> 5. BREACH OF EXPRESS WARRANTY <br><br> 6. COMMON LAW FRAUD <br><br> 7. INTENTIONAL MISREPRESENTATION <br><br> 8. NEGLIGENT MISREPRESENTATION <br><br> **DEMAND FOR JURY TRIAL** |

Malk & Pogo Law Group, LLP  |  1241 S. Glendale, Ave Suite 204, Glendale, CA 91205  |  P: (818) 484-5204  |  malkpogolaw.com

1

Plaintiff OGANES MARTIN MISHIKYAN ("**Plaintiff**"), individually and on behalf of all other similarly situated purchasers (the "**Class**" and **"Class Members"**), brings this class action lawsuit against OMI INDUSTRIES, INC., ("**Defendant**"), and alleges as follows:

## INTRODUCTION

1.   **Synopsis.** In an effort to increase profits and to gain an unfair advantage over its lawfully acting competitors, Defendant falsely and misleadingly labels a line of cleaning products as "**Plant-Based**" (hereinafter, "**Plant-Based Representations**" and/or "**Challenged Representations**").

2.   Contrary to the Products' Plant-Based Representations, as explained in detail below, the Products actually contain numerous non-plant-based, unnatural, synthetic, artificial, and/or highly processed ingredients. Through falsely, misleadingly, and deceptively labeling the Products, Defendant seeks to take advantage of consumers' desire for truly plant-based products. Yet Defendant does so at the expense of unwitting consumers, as well as Defendant's lawfully acting competitors, over whom Defendant maintains an unfair competitive advantage.

3.   **Products.** The purported "plant-based" cleaning products at issue are: (1) Fresh Wave "Plant-Based" Air Spray; (2) Fresh Wave "Plant Based" Laundry Booster; (3) Fresh Wave "Plant-Based" Gel; (4) Fresh Wave "Plant-Based" Fabric Spray; (5) Fresh Wave "Plant-Based" Packs; (6) Fresh Wave "Plant-Based" Vacuum Beads; (7) Fresh Wave "Plant-Based" Stain & Odor Remover; (8) Fresh Wave "Plant-Based" Pet Spray; (9) Fresh Wave "Plant-Based" Litter Box Gel; and (10) Fresh Wave "Plant-Based" Dog Shampoo (collectively, the "**Products**").

4.   The Products are pictured below. Figures 1-10, *infra.*

///

///

///

Malk & Pogo Law Group, LLP  |  1241 S. Glendale, Ave Suite 204, Glendale, CA 91205  |  P: (818) 484-5204  |  malkpogolaw.com

*Figure 1 -* **_Fresh Wave "Plant-Based" Odor Removing Air Spray_** [1]



Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malkpogolaw.com

---

[1] The Fresh Wave "Plant-Based" Air Spray includes, but is not limited to, the following scents and/or variations: (a) Regular and (b) Lavender.

CLASS ACTION COMPLAINT

*Figure 2 - **Fresh Wave "Plant Based" Odor Removing Laundry Booster**** [2]



---

[2] The Fresh Wave "Plant Based" Laundry Booster is also available in a two- pack.

4

CLASS ACTION COMPLAINT

Malk & Pogo Law Group, LLP  |  1241 S. Glendale, Ave Suite 204, Glendale, CA 91205  |  P: (818) 484-5204  |  malkpogolaw.com

*Figure 3 -* **<u>Fresh Wave "Plant-Based" Odor Removing Gel</u>** [3]



---

[3] The Fresh Wave "Plant-Based" Gel includes, but is not limited to the following scents and/or variations: (a) Regular; (b) Lavender; and (c) Lemon. The Fresh Wave Gel also includes, but is not limited to, the following sizes and/or variations: (a) 7 oz; (b) 15 oz; (c) 63 oz; and (d) 248 oz.

CLASS ACTION COMPLAINT

*Figure 4 - **<u>Fresh Wave "Plant-Based" Fabric Spray</u>*** [4]



Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malkpogolaw.com

---

[4] The Fresh Wave "Plant-Based" Fabric Spray includes, but is not limited to, the following scents and/or variations: (a) Regular; (b) Lavender; and (c) Lemon. The Fresh Wave Spray also includes, but is not limited to, the following sizes: (a) 2 oz; (b) 8 oz; and (c) 32 oz.

CLASS ACTION COMPLAINT

*Figure 5 - **<u>Fresh Wave "Plant-Based" Packs</u>** [5]*



---

[5] The Fresh Wave "Plant-Based" Packs includes, but is not limited to, the following scents and/or variations: (a) Regular; (b) Lavender; and (c) Lemon.

*Figure 6 -* **__Fresh Wave "Plant-Based" Vacuum Beads__**



Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malkpogolaw.com

*Figure 7 - **Fresh Wave "Plant-Based" Stain & Odor Remover***



CLASS ACTION COMPLAINT

*Figure 8 -* **<u>*Fresh Wave "Plant-Based" Pet Spray*</u>**



CLASS ACTION COMPLAINT

Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malkpogolaw.com

*Figure 9 - **<u>Fresh Wave "Plant-Based" Litter Box Gel</u>***



Malk & Pogo Law Group, LLP  |  1241 S. Glendale, Ave Suite 204, Glendale, CA 91205  |  P: (818) 484-5204  |  malkpogolaw.com

11

CLASS ACTION COMPLAINT

*Figure 10 - **Fresh Wave "Plant-Based" Dog Shampoo***



5.    **Primary Dual Litigation Objective.** Plaintiff brings this action individually and in a representative capacity on behalf of similarly situated consumers who purchased the Products during the relevant Class Period (Class and/or Subclass defined infra), for dual primary objectives: ***One***, Plaintiff seeks, on Plaintiff's individual behalf and on behalf of the Class/Subclass, a monetary recovery of the

Malk & Pogo Law Group, LLP  |  1241 S. Glendale, Ave Suite 204, Glendale, CA 91205  |  P: (818) 484-5204  |  malkpogolaw.com

price premium Plaintiff and consumers overpaid for Products that should, but fail to, comport with the Challenged Representation (which may include, for example, damages, restitution, disgorgement, and/or any applicable penalties, fines, or punitive/exemplary damages) solely to the extent that the causes of action pled herein permit such recovery. ***Two***, Plaintiff seeks, on their individual behalf and on behalf of the Class/Subclass, injunctive relief to stop Defendant's unlawful manufacture, marketing, and sale of the Products with the Challenged Representation to avoid or mitigate the risk of deceiving the public into believing that the Products conform to the Challenged Representation, by requiring Defendant to change its business practices, which may include one or more of the following: removal or modification of the Challenged Representation from the Products' labels, removal or modification of the Challenged Representation from the Products' advertising, modification of the Products' formulation be it a change in ingredients or their sourcing and manufacturing processes, and/or discontinuance of the Products' manufacture, marketing, and/or sale.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332 and the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and defendant are citizens of different states. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

7.     Venue is proper in this District under 28 U.S.C. § 1391, because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Plaintiff is a citizen of California who resides in this District. Plaintiff purchased the Product in this District. Defendant has deliberately marketed, advertised, and sold the Products within this District. Defendant receives substantial compensation from sales in this District.

CLASS ACTION COMPLAINT

Malk & Pogo Law Group, LLP  |  1241 S. Glendale, Ave Suite 204, Glendale, CA 91205  |  P: (818) 484-5204  |  malkpogolaw.com

Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malkpogolaw.com

8.     Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between Defendant and California. Defendant is authorized to do and is doing business in California.

## **PARTIES**

9.     **Plaintiff:** Plaintiff is, and at all times relevant hereto was, a citizen of California. Plaintiff purchased the Fresh Wave "Plant-Based" Air Spray online from Amazon in Los Angeles in or around November of 2024. In making his purchase, Plaintiff relied upon Defendant's labeling and advertising claims, namely, the Plant-Based Representations labels clearly printed on the front of the Product. Plaintiff further relied on additional representations on the selling page, which reinforced the claims by representing the products as "natural" and "plant-based." These claims were prepared and approved by Defendant and its agents and disseminated statewide and nationwide, to encourage consumers to purchase the Products. If Plaintiff had known that the Product contained ingredients that are non-plant-based, unnatural, synthetic, artificial, and/or highly processed, then Plaintiff would not have purchased the Product.

10.     **Plaintiff's Future Harm:** Plaintiff would like to purchase the Product again only if he can be sure that Defendant is compliant with the state consumer protection laws. Plaintiff continues to see Defendant's Products online available for purchase, and desires to purchase them again if the representations regarding the Plant-Based Representations were in fact true. Since Plaintiff would like to purchase the Products again to obtain cleaning products that, as advertised, are truly plant-based and therefore do not contain non-pant-based, unnatural, synthetic, artificial, and/or highly processed ingredients, Plaintiff would purchase them again in the future—despite the fact that they were once marred by false advertising or labeling—as Plaintiff would reasonably, but incorrectly, assume the Products were improved (no longer contain non-plant-based, synthetic, artificial, and/or highly processed ingredients). In that regard, Plaintiff is an average consumer who is not sophisticated

Malk & Pogo Law Group, LLP  |  1241 S. Glendale, Ave Suite 204, Glendale, CA 91205  |  P: (818) 484-5204  |  malkpogolaw.com

in the chemistry, manufacturing, and formulation of personal care products, such as the Products. Neither Plaintiff, nor reasonable consumers, have the requisite knowledge to accurately differentiate between cleaning ingredients that are "plant-based" and those that are "synthetic"—particularly those non-plant-based ingredients identified *infra*. Accordingly, Plaintiff is at risk of reasonably, but incorrectly, assuming that Defendant fixed the formulation of the Products such that Plaintiff may buy them again, believing they were no longerfalsely advertised. Plaintiff is, therefore, currently and in the future deprived of the ability to rely on the Plant-Based Representations. Based on information and belief, the labeling of the Products purchased by Plaintiff are typical of the labeling of the Products purchased by members of the class.

11.    **Defendant:**   OMI Industries, Inc., is a corporation headquartered in Palatine, Illinois.  OMI Industries, Inc., LLC maintains its principal business office at 220 N Smith Street, Unit 315, Palatine, IL 60067. OMI Industries, Inc. directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. OMI Industries, Inc. is the owner, manufacturer, and distributor of the Products, and is the company that created and/or authorized the false, misleading, and deceptive labeling and marketing of the Products.

## FACTUAL ALLEGATIONS

### A.    Plant-Based Market

12.    In recent years, consumers have poured billions of dollars into the "plant-based" and "natural" products market.[6] Consumers value plant-based products for numerous reasons, including perceived benefits of avoiding diseases, attaining health and wellness, helping the environment, assisting local farmers, assisting factory workers who would otherwise be exposed to synthetic and hazardous substances, and

---

[6] *See generally Plant-Based Personal Care Products*, Eternal Spiral Books (Nov. 24, 2018), https://eternalspiralbooks.com/plant-based-personal-care-products/ (last accessed January 15, 2025).

CLASS ACTION COMPLAINT

financially supporting the companies that share these values.[7] In response to consumers' desire for natural plant-based products, many companies, including Defendant, have scrambled to manufacture, market, and sell purportedly "plant-based" products in an effort to gain market share. Unfortunately, rather than creating the natural, plant-based products consumers desire, Defendant has chosen to "greenwash" the Products and market them through deceptive labeling and advertising to convince consumers the Products are plant-based and natural when, in reality, they contain synthetic and highly processed ingredients.

13.     **FTC Guidelines.** In response to frequent and pervasive greenwashing, the United States Federal Trade Commission ("**FTC**") created the "Green Guides" to help companies avoid making misleading and deceptive claims.[8]  As relevant here, the FTC stated:

> Marketers, nevertheless, are responsible for substantiating consumers' reasonable understanding of "biobased," and other similar claims, such as **<u>plant-based</u>,**" in the context of their advertisements.[9] 16 C.F.R. § 260

14.     Here, Defendant disregarded FTC guidelines on "Plant-Based" claims, opting to manufacture the Products with ingredients that are neither water nor plant, and at times entirely artificial, synthetic, or substantially processed. Thus, Defendant did not fulfill its responsibility to "substantiat[e] consumers' reasonable understanding of . . . 'plant-based'" advertising claims as reasonable consumers, such as Plaintiff, reasonably believe that "plant-based" Products only contain water or plant ingredients that have not undergone substantial processing.

15.     Consumers are willing to pay a price premium for the "plant-based" products, and believe it is important that products are plant-based.

---

[7] *Id.*
[8] *See generally* 16 C.F.R. § 260 – Guides for the Use of Environmental Marketing Claims.
[9] *See* 16 C.F.R. § 260 – Guides for the Use of Environmental Marketing Claims, p. 246, available at https://www.ftc.gov/sites/default/files/attachments/press-releases/ftc-issues-revised-green-guides/greenguidesstatement.pdf (emphasis added).

CLASS ACTION COMPLAINT

Malk & Pogo Law Group, LLP  |  1241 S. Glendale, Ave Suite 204, Glendale, CA 91205  |  P: (818) 484-5204  |  malk@pogolaw.com

Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malkpogolaw.com

16.     Similar to a desire for a more expensive brand, consumers associate products labeled as "plant-based" to be better. If the same two products were shown to a consumer, one  of which contained the "plant-based" label, consumers would chose the product with the "plant-based" label, believing to be a better alternative to the same product which does not contain the "plant-based" label.

17.     However, consumers are not scientists. They do not understand the manufacturing process, and are not well-versed in the processes involved in obtaining, synthesizing, or preparing various products and their ingredients.

18.     Consumers rely on the manufacturers to honestly label the products. When consumers see "plant-based" or "made with plant-based ingredients" labels, they perceive the products to be fully plant-based, and not containing any non-plant-based ingredients – whether synthetic, processed, chemically altered, or otherwise unnatural.

19.     Consumers rely on the corporate America (and here, on Defendant) to honestly label the products, and chose to buy the "plant-based" products, reasonably believing the front labels to be truthful.

20.     **The Common-Sense Dictionary Definition of "Plant-Based" Supports Plaintiff's Interpretation of the Plant-Based Representations**: The alleged reasonable consumers' interpretation of the Plant-Based Representation is supported by a common sense understanding of the term "plant-based" and related regulatory definitions. Courts frequently look to the dictionary to provide some common understanding of advertising terms. *See, e.g., Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1018 (9th Cir. 2020) (using dictionary definitions to evaluate reasonable consumer's perception from a "common-sense" perspective). Several dictionaries define "plant-based" to mean entirely made or derived from plants. For example, the Merriam Webster dictionary provides two definitions of "plant-based": (1) "made or derived from plants"; and (2) "consisting . . . entirely of food . . . derived

CLASS ACTION COMPLAINT

Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malkpogolaw.com

from plants."[10] Similarly, the Cambridge dictionary defines "plant-based" as "consisting or made completely of plants . . ."[11] Likewise, the Oxford English dictionary defines "plant-based" as "used to describe food or a diet that consists . . . entirely of foods from plants . . ."[12] And, Dictionary.com defines "plant-based" as: (1) "relating to or being a food consisting entirely . . . of whole or minimally processed plant parts"; and (2) "relating to or being a medicine, fuel, etc., made from plants or plant matter."[13] "Indeed, . . . the generic "[item]-based" descriptor implies that the item comprises most if not all of the whole." *Prescott¸* 2020 WL 4430958, *8 (explaining, "[f]or example, a 'plant-based meal' is generally understood to contain only plants and no me[a]t." (emphasis added)).

21.    Accordingly, reasonable consumers, like Plaintiff, interpret the Plant-Based Representations as claims that the Products contain no non-plant-based, unnatural, artificial, and/or synthetic ingredients.

## B.    The Products' Misleading and Deceptive Labeling

22.    **Products.** Defendant manufactures, markets, promotes, advertises, labels, and  sells a line of personal care products (*see supra*, ¶¶ 3-4, identifying Products) — each of which displays the Challenged Representation on the Products' front-facing labels.

23.    **The Challenged Representation.** On the Products' front labels, Defendant prominently, conspicuously, and repeatedly displays the Challenged Representation—specifically, **"Plant-Based."** Defendant also uses statements and imagery to reinforce the Challenged Representation throughout the Products'

---

[10]    MERRIAM-WEBSTER, plant-based, https://www.merriam-webster.com/dictionary/plant-based (last accessed  February 10, 2025).
[11]    CAMBRIDGE                DICTIONARY,                plant-based, https://dictionary.cambridge.org/us/dictionary/english/ plant-based (last accessed  February 10, 2025).
[12]    OXFORD        LEARNERS        DICTIONARIES,        plant-based, https://www.oxfordlearnersdictionaries.com/us/ definition/english/plant-based (last accessed February 10, 2025).
[13]    DICTIONARY.COM, plant-based, https://www.dictionary.com/browse/plant-based (last accessed  February 10, 2025).

CLASS ACTION COMPLAINT

advertising campaign and brand strategy to differentiate the Products as containing only plant-based ingredients.

24. **Defendant's Marketing**: Despite formulating its Products with many non-plant-based (synthetic and chemical) ingredients, Defendant methodically markets these Products as "plant-based" and "natural" which further mislead consumers into believing the Products contain only plant-based ingredients. *See pictures from Defendant's official website, below*.

## How It All Started

From power plants to the power of plants, we've been creating a fresher world for over 30 years.

We started by tackling the toughest odors in the smelliest industries. Think landfills, power plants, and wastewater treatment centers.

We became world-class experts in odor elimination, all with plant-based ingredients that are safe for people, pets, and the planet. We took that same innovative odor-fighting formula and harnessed it to create a full product line of household odor removers.

Now we help busy people like you control odors at home, at work, and on-the-go, so you can have fresh air everywhere.

 No Harmful Ingredients      With Plant Oils      Natural Ingredients

CLASS ACTION COMPLAINT

Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malkpogolaw.com

## FRESH WAVE INGREDIENTS STATEMENT

Better products start with better ingredients.

Fresh Wave natural odor removing products use simple, natural ingredients: reverse osmosis water and a proprietary blend of plant extracts.

Our products contain no harmful volatile organic compounds (VOCs), no alcohol, and no synthetic fragrances.

### FRESH WAVE'S PLANT–POWERED INGREDIENTS

     

LIME          PINE          CEDARWOOD          CLOVE          ANISE          WATER

25. **Reasonable Consumer's Perception.** The Challenged Representation, in isolation and/or combined with Defendant's pervasive marketing campaign and brand strategy, leads reasonable consumers, like Plaintiff, into believing that the Products contain only plant-based ingredients. Given limited general knowledge of what is included in cleaning products, the reasonable consumer does not expect a non-plant-based ingredient in the Products. As such, the Products' labels have the "capacity, likelihood, or tendency to deceive or confuse the public" into believing that they are fully plant-based and are truthfully labeled. *See Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citing *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 951 (2002) and *Leoni v. State Bar*, 39 Cal. 3d 609, 626 (1985)) (The California Supreme Court has recognized "that [consumer protection] laws prohibit 'not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.'").

26. The plausibility of Plaintiff's interpretation of "plant-based" is bolstered by a consensus amongst the Ninth Circuit and California district courts that the term can reasonably imply that a product is entirely derived from natural, plant-based ingredients. See *Whiteside v. Kimberly Clark Corp.*, 2024 U.S. App. LEXIS 17532 (9th Cir. July 17, 2024) (**reversing the district court's misinterpretation of the reasonable consumer standard as to "plant-based" representations on the front label of products and finding that a "reasonable consumer could interpret the**

20

Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malkpogolaw.com

**front label as unambiguously representing that the Products do not contain synthetic ingredients, precluding Defendant's reliance on the back label ingredients list"**); *Maisel v. S.C. Johnson & Son, Inc.*, 2021 WL 1788397, at *8 (N.D. Cal. May 5, 2021) (noting consensus and citing cases); *Moore v. EO Prods., LLC*, 2023 WL 6391480, at *7 (N.D. Cal. Sept. 29, 2023) (same); *Sultanis v. Champion Petfoods USA Inc.*, 2021 WL 3373934, at *11 (N.D. Cal. Aug. 3, 2021) ("Recent cases involving cleaning products illustrate the idea that statements broadly describing a certain type of ingredient can mislead consumers into thinking the products at issue contain only that type of ingredient." (emphasis in original)).

27.   **Falsity**. The Challenged Representation is false and deceptive because the Products contain numerous non-plant-based ingredients. Specifically, the Products contain the following non-plant-based, unnatural, synthetic, and/or artificial ingredients, in varying combinations:

- **Cocamidopropyl Betaine** is a synthetic detergent[14] derived from fatty acids in coconuts and acts as a surfactant, binding to oils and dirt.[15] In 2004, it was voted Allergen of the year by the American Contact Dermatitis Society due to reactions and sensitization it causes. Risks also include contact dermatitis and environmental toxicity.[16]

- **Decyl Glucoside** is a surfactant that is synthetically created by reacting glucose with certain alcohols.[17]

- **Glycerin** is synthetic, produced by the hydrogenolysis of carbohydrates. Hydrogenolysis is the chemical reaction whereby a carbon-carbon or

---

[14]    Jacob, S.E. & Amini, S. (2008). Cocamidopropyl betaine. December 20, https://www.ncbi.nlm.nih.gov/pubmed/18627690 (last accessed February 10, 2025).

[15]    Loggins, Brittany. *Cocamidopropyl Betaine: Why You See This Ingredient In Your Skincare*, BYRDIE, June 3, 2022. https://www.byrdie.com/cocamidopropyl-betaine-5207555 (last accessed February 10, 2025).

[16]    Jacob, S.E. & Amini, S. (2008). Cocamidopropyl betaine. December 20, https://www.ncbi.nlm.nih.gov/pubmed/18627690 (last accessed February 10, 2025).

[17]    *Decyl Glucoside*, Products, ATAMAN Chemicals, https://www.atamanchemicals.com/decyl-glucoside_u24988/. (last accessed February 10, 2025).

21

Malk & Pogo Law Group, LLP  |  1241 S. Glendale, Ave Suite 204, Glendale, CA 91205  |  P: (818) 484-5204  |  malkpogolaw.com

carbon heteroatom single bond is cleaved or undergoes lysis by hydrogen.[18]

- **Polysorbate 80** is a synthetic compound, derived from polyethoxylated sorbitan and oleic acid. The hydrophilic groups in this compound are polyethers also known as polyoxyethylene groups, which are polymers of ethylene oxide. In the nomenclature of polysorbates, the numeric designation following polysorbate refers to the lipophilic group, in this case, the oleic acid.[19,20]

- **Sodium Chloride** is formed when sodium atoms interact with chlorine atoms.[21]

- **Tocopherol** is classified by federal regulations as a synthetic substance, even when extracted from natural oils, which is done through molecular distillation, solvent extraction, or absorption chromatography.[22]

28.    In addition to those ingredients that are not plant-based, the Products contain numerous ingredients that have been subject to significant chemical modification or processing, which materially altered the ingredients' original, natural or plant-based composition. Put differently, to create certain ingredients used in the Products, natural and plant-based ingredients are subjected to substantial processing such that the resulting ingredient used in the Products is an entirely new, synthetically-created ingredient—one that fundamentally differs from the original natural or plant-based ingredient. Accordingly, the Challenged Representation is false, misleading, and deceptive, and therefore unlawful.

---

[18]    *Glycerin—Produced by Hydrolysis of Fats and Oils.* https://www.ams.usda.gov/sites/default/files/media/Glycerin%20Petition%20to%20remove%20TR%202013.pdf. (last accessed  February 10, 2025).
[19]    https://en.wikipedia.org/wiki/Polysorbate_80#:~:text=Polysorbate%2080%20is%20a%20nonionic,%2C%20water%2Dsoluble%20yellow%20liquid. (last accessed  February 10, 2025).
[20]    https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6015121/
[21]    Boudreaux, Kevin A. Demonstrations - *Sodium + Chlorine,* https://www.angelo.edu/faculty/kboudrea/demos/sodium_chlorine/sodium_chlorine.htm (last accessed  February 10, 2025).
[22]    *Vitamin E.* National Center for Biotechnology Information. PubChem Compound Database, U.S. National Library of Medicine, https://pubchem.ncbi.nlm.nih.gov/compound/Vitamin-E. (last accessed  February 10, 2025).

Malk & Pogo Law Group, LLP  |  1241 S. Glendale, Ave Suite 204, Glendale, CA 91205  |  P: (818) 484-5204  |  malkpogolaw.com

## C.    Defendant Misleads Plaintiff and Reasonable Consumers, Who Relied on the Material and False Advertising Claims to their Detriment

29.    **Materiality.** The Challenged Representation is material to reasonable consumers, including Plaintiff, in deciding to buy the Products. Specifically, the composition of the Products containing only plant-based ingredients—is important to consumers and motivates them to buy the Products.

30.    **Reliance**. The Class, including Plaintiff, reasonably relied on the Challenged Representation in deciding to purchase the Products.

31.    **Consumers Lack Knowledge of Falsity**. Consumers, including Plaintiff, do not know, and have no reason to know, at the time of purchase, that the Products' Challenged Representation is false, misleading, deceptive, and unlawful. That is because consumers, including Plaintiff, do not work for Defendant and therefore have no personal knowledge of the actual ingredients used to make the Products or how those ingredients are made, including whether non-plant-based ingredients are included in the Products. Additionally, average consumers do not have the specialized knowledge of a chemist or product-developer. Thus, reasonable consumers, like Plaintiff, cannot discern from the Products' ingredient disclosures whether ingredients, are plant-based. Furthermore, reasonable consumers, like Plaintiff, do not ordinarily review information on the back or side panels of a consumer products' packaging, like the Products' packaging, particularly dense, fine-print ingredient disclosures, or review such information on websites. Indeed, studies show that only approximately 7.7% to 11.6% of people even look at the side or back labels of consumer goods, such as ingredient lists, before they buy it.[23]

---

[23]    Grunert, Klaus, et. al, *Nutrition knowledge, and use and understanding of nutrition information on food labels among consumers in the UK*, 55 Appetite 177, at 179-181 (2010) available at https://reader.elsevier.com/reader/sd/pii/S0195666310003661?token=95E4146C1BB7D7A7C9A4 87F22F0B445BD44499550086E04870765EBE116ED32DBFE3795E60B69C75831563CD1BC6 655A&originRegion=us-east-1&originCreation=20220720162546 (consumer purchasing behavior study using in-store observation and interview data collection methodology to realistically estimate the degree consumers use nutritional information (found on side/back panels of food product labels

Malk & Pogo Law Group, LLP  |  1241 S. Glendale, Ave Suite 204, Glendale, CA 91205  |  P: (818) 484-5204  |  malkpogolaw.com

1       32.   The average consumer spends generally not more than 13 seconds to

2  make an in-store purchasing decision.[24] That decision is heavily based upon the

3  product's front labeling because consumers do not have time to review and read every

4  portion of the label and inspect in detail the rear label which depicts in small print the

5  ingredients.

6       33.   **Defendant's Knowledge**. Defendant knew, or should have known, that

7  the Challenged Representation was false, misleading, deceptive, and unlawful, at the

8  time that Defendant manufactured, marketed, advertised, labeled, and sold the

9  Products using the Challenged Representation to Plaintiff and the Class. Defendant

10  intentionally and deliberately used the Challenged Representation, alongside its

11  massive marketing campaign and brand strategy, to cause Plaintiff and similarly

12  situated consumers to buy the Products believing that the Challenged Representation

13  is true.

14

15  and packaging), finding: (1) only **11.6% of respondents**, who looked at a product and placed it in

16  their shopping cart, **were actually observed looking at the side/back panels of their packaging or labels** (panels other than the front panel) before placing it in the cart; (2) of those who looked at

17  the side/back panels, only 31.8% looked at it the product "in detail" (i.e., 3.7% of respondents who looked at the product, looked at side/back panels in detail)); and (3) the **respondents self-reported**

18  **frequency of reviewing side/back panels** (for nutritional information) **is overreported by 50%** when the in-store interview data and observational data are compared); Grunert, Klaus, et. al, *Use*

19  *and understanding of nutrition information on food labels in six European countries*, 18(3) Journal of Public Health 261, 261, 263, 266 (2010), available at

20  https://www.ncbi.nlm.nih.gov/pmc/articles/PMC2967247/ (last accessed January 15, 2025) (consumer purchasing behavior study using in-store observation and interview data collection

21  methodology to evaluate whether people look at food labels before buying them, where they looked, and how long they looked, finding: (1) respondents spent, on average, approximately 35 seconds,

22  per product, on products they bought; and (2) 62.6% of respondents looked at the front packaging, and **only 7.7% looked elsewhere (side/back panels) on the packaging**, for products they bought);

23  Benn, Yael, et al., *What information do consumers consider and how do they look for it, when shopping for groceries online*, 89 Appetite 265, 265, 270 (2015), available at

24  https://www.sciencedirect.com/science/article/pii/S0195666315000422#bib0060 (last accessed January 15, 2025) (consumer purchasing behavior study using online eye-movement tracking and

25  recordation, finding: (1) once on the product webpages, respondents tend to look at the pictures of products, rather than examine detailed product information; and (2) by comparison to pictures of

26  products where 13.83-19.07% of respondents fixated, far less fixated on subsidiary information: 4.17% of respondents looked at nutrition information, 3.30% ingredients, 2.97% allergy

27  information, and 0.09% recycling information for example).
[24] Randall Beard, *Make the Most of Your Brand's 20-Second Window*, Nielsen (Jan. 13, 2015),

28  https://www.nielsen.com/us/en/insights/article/2015/make-the-most-of-your-brands-20-second-window/ (citing *Shopping Takes Only Seconds… In-Store and Online*, Ehrenberg-Bass Institute of Marketing Science (2015)) (last visited February 10, 2025).

24

Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malkpogolaw.com

a. **Knowledge of Falsity.** Defendant marketed the Products with the Challenged Representation, but Defendant opted to formulate and manufacture them in a manner that does not conform to this representation. Specifically, Defendant advertised and labeled the Products with the Challenged Representation, but, instead of using only ingredients that are plant-based, Defendant chose to make the Products with numerous non-plant-based ingredients.

b. **Knowledge of Reasonable Consumers' Perception. Defendant** knew, or should have known, that the Challenged Representation would lead reasonable consumers into believing that the Products were composed of only plant-based ingredients—i.e., the Products do not contain ingredients that are not plant-based. Not only has Defendant labeled each of the Products with the Challenged Representation and executed a long-standing brand strategy and advertising campaign to identify the Products with the Challenged Representation, but Defendant also has an obligation under section 5 of the Federal Trade Commission Act, codified at 15 U.S.C. §§ 45, to evaluate its marketing claims from the perspective of the reasonable consumer. That means Defendant was statutorily obligated to consider whether the Challenged Representation, be it in isolation or conjunction with their marketing campaign, would mislead reasonable consumers into believing that the Products were made of only plant-based ingredients. Thus, Defendant either knew the Challenged Representation was misleading before they marketed the Products to the Class, including Plaintiff, or Defendant would have known that it was deceptive had Defendant complied with its statutory obligations.

c. **Knowledge of Materiality. Defendant** knew or should have known that the Challenged Representation is material to consumers. *First*, manufacturers and marketers, like Defendant, generally reserve the front primary display panel of labels on consumer products for the most important and persuasive information, which they believe will motivate consumers to buy the products. Here, the conspicuousness of the Challenged Representation on the Products' labels demonstrates Defendant's awareness of their importance to consumers and Defendant's understanding that consumers prefer and are motivated to buy products that conform to the Challenged Representation. *Second*, manufacturers and marketers repeat marketing claims to emphasize and characterize a brand or product line, shaping the consumers' expectations, because they believe those repeated messages will drive consumers to buy the Product. Here, the constant, unwavering use of the Challenged Representation on the Products, advertisements, and throughout Defendant's marketing campaign, evidence Defendant's awareness that the falsely advertised Product-attribute is important to consumers. It also evidences Defendant's intent to convince consumers that the Products conform to the Challenged Representation and, ultimately, drive sales.

d. **Defendant Continued Deception, Despite its Knowledge.** Defendant, as the manufacturers and marketers of the Products, had exclusive control over the Challenged Representation's inclusion on the Products' labels, and advertisements—i.e., Defendant readily and easily could have stopped using the Challenged Representation to sell the Products. However, despite Defendant's knowledge of the Challenged Representation's falsity, and Defendant's knowledge that consumers reasonably rely on the Challenged Representation in deciding to buy the Products, Defendant deliberately chose to market the Products with the Challenged Representation thereby misleading consumers into buying or otherwise overpaying for the Products. Thus, Defendant knew, or should have known, at all relevant times, that the Challenged Representation misleads reasonable consumers, such as Plaintiff, into buying the Products to attain the product-attributes that Defendant falsely advertised and warranted. Indeed, notwithstanding Plaintiff's demand to Defendant to stop misleading consumers with the Challenged Representation, Defendant has continued to market the Products using the Challenged Representation.

34.    By letter dated December 26, 2024, Plaintiff advised Defendant of its false and misleading claims pursuant to California Civil Code Section 1782, subdivision (a) regarding Defendant's use of non-plant-based, unnatural and synthetic ingredients. Plaintiff has provided Defendants with notice of its violations of the CLRA pursuant to Civil Code § 1782(a).

## D.    The Products Are Substantially Similar

35.    As described *supra*, Plaintiff purchased the Fresh Wave "Plant-Based" Air Spray (the "**Purchased Products**"). The additional unpurchased products, are substantially similar to the Purchased Products.

a. **Defendants.** All Products are manufactured, sold, marketed, advertised, labeled, and packaged by the Defendant.

b. **Brand.** All Products are sold under the the Fresh Wave brand name.

c. **Marketing Demographics.** All Products are marketed directly to consumers for personal use.

d. **Purpose**. All Products are intended for the primary purpose of cleaning.

e. **False Advertising Claims.** All Products contain the same Plant-Based Representation on the Products' labeling and packaging. In addition, all Products prominently display the Plant-Based Representations on the

Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malkpogolaw.com

front label in order to focus the consumer's attention on the Plant-Based Representations.

f. **Key Ingredients.** All Products contain a combination of the same non-plant-based, artificial, synthetic, unnatural, and highly processed ingredients. In particular, the Purchased Products contain non-plant-based ingredients that are found in the Unpurchased Products.

g. **Misleading Effect.** The misleading effect of the Challenged Representation on consumers are the same for all Products—consumers are tricked into buying or otherwise over-paying a premium for Products that are composed of only plant-based ingredients, but they receive Products that, contrary to the Products' labels, also contain many non-plant-based , synthetic ingredients.

## E.    No Adequate Remedy at Law

36.    **No Adequate Remedy at Law.** Plaintiff and members of the Class are entitled to equitable relief as no adequate remedy at law exists.

a. **Broader Statutes of Limitations.** The statutes of limitations for the causes of action pled herein vary. The limitations period is four years for claims brought under the UCL, which is one year longer than the statutes of limitations under the FAL and CLRA. In addition, the statutes of limitations vary for certain states' laws for breach of warranty and unjust enrichment/restitution, between approximately 2 and 6 years. Thus, California Subclass members who purchased the Products more than 3 years prior to the filing of the complaint will be barred from recovery if equitable relief were not permitted under the UCL.  Similarly, Nationwide Class members who purchased the Products prior to the furthest reach-back under the statute of limitations for breach of warranty, will be barred from recovery if equitable relief were not permitted for restitution/unjust enrichment.

b. **Broader Scope of Conduct.** In addition, the scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of action asserted herein.  It includes, for example, Defendant's overall unfair marketing scheme to promote and brand the Products with the Challenged Representation, across a multitude of media platforms, including the Products' labels, over a long period of time, in order to gain an unfair advantage over competitor products and to

Malk & Pogo Law Group, LLP  |  1241 S. Glendale, Ave Suite 204, Glendale, CA 91205  |  P: (818) 484-5204  |  malkpogolaw.com

take advantage of consumers' desire for products that comport with the Challenged Representation. The UCL also creates a cause of action for violations of law (such as statutory or regulatory requirements and court orders related to similar representation and omission made on the type of products at issue). Thus, Plaintiff and Class members may be entitled to restitution under the UCL, while not entitled to damages under other causes of action asserted herein (e.g., the FAL requires actual or constructive knowledge of the falsity; the CLRA is limited to certain types of plaintiff (an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes) and other statutorily enumerated conduct). Similarly, unjust enrichment/restitution is broader than breach of warranty. For example, in some states, breach of warranty may require privity of contract or pre-lawsuit notice, which are not typically required to establish unjust enrichment/restitution. Thus, Plaintiff and Class members may be entitled to recover under unjust enrichment/restitution, while not entitled to damages under breach of warranty, because they purchased the products from third-party retailers or did not provide adequate notice of a breach prior to the commencement of this action.

c. **Injunctive Relief to Cease Misconduct and Dispel Misperception.** Injunctive relief is appropriate on behalf of Plaintiff and members of the Class because Defendant continues to misrepresent the Products with the Challenged Representation. Injunctive relief is necessary to prevent Defendant from continuing to engage in the unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies (such as monetary damages to compensate past harm). Further, injunctive relief, in the form of affirmative disclosures is necessary to dispel the public misperception about the Products that has resulted from years of Defendant's unfair, fraudulent, and unlawful marketing efforts. Such disclosures would include, but are not limited to, publicly disseminated statements that the Products' Challenged Representation is not true and providing accurate information about the Products' true nature; and/or requiring prominent qualifications and/or disclaimers on the Products' front label concerning the Products' true nature. An injunction requiring affirmative disclosures to dispel the public's misperception and prevent the ongoing deception and repeat purchases based thereon, is also not available through a legal remedy (such as monetary damages). In addition, Plaintiff is *currently* unable to accurately quantify the damages caused by Defendant's future harm, because discovery and Plaintiff's investigation have not yet completed, rendering injunctive relief all the more necessary. For example, because the court has not yet certified any class, the following remains unknown: the scope of the class, the identities of its members, their respective purchasing practices, prices of past/future Products sales, and quantities of

Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malkpogolaw.com

past/future Products sales.

d. **Public Injunction.** Further, because a "public injunction" is available under the UCL, damages will not adequately "benefit the general public" in a manner equivalent to an injunction.

e. **California vs. Nationwide Class Claims**. Violation of the UCL, FAL, and CLRA are claims asserted on behalf of Plaintiff and the California Subclass against Defendant, while breach of warranty and unjust enrichment/restitution are asserted on behalf of Plaintiff and the Nationwide Class. Dismissal of farther-reaching claims, such as restitution, would bar recovery for non-California members of the Class. In other words, legal remedies available or adequate under the California-specific causes of action (such as the UCL, FAL, and CLRA) have no impact on this Court's jurisdiction to award equitable relief under the remaining causes of action asserted on behalf of non-California putative class members.

## CLASS ALLEGATIONS

37.    **Class Definition**. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and all others similarly situated, and as members of the Classes defined as follows:

All persons or entities that, within the applicable statute of limitations periods, purchased the Products in the United States, displaying the Challenged Representation on the Products' labels, for purposes other than resale ("**Nationwide Class**"); and

All persons or entities that, within four years prior to the filing of this Complaint through present, purchased the Products in California, displaying the Challenged Representation on the Products' labels, for purposes other than resale ("**California Subclass**").

("Nationwide Class" and "California Subclass," collectively, "**Class**").

38.    **Class Definition Exclusions.** Excluded from the Class are: (i) Defendant, its assigns, successors, and legal representatives; (ii) any entities in which Defendant has controlling interests; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; and (iv) any judicial officer presiding over this matter and person within the third degree of consanguinity to such judicial officer.

Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malk@pogolaw.com

39. **Reservation of Rights to Amend the Class Definition.** Plaintiff reserves the right to amend or otherwise alter the class definitions presented to the Court at the appropriate time in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

40. **Numerosity:** Members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, the Nationwide Class consists of tens of thousands of purchasers (if not more) dispersed throughout the United States, and the California Subclass likewise consists of thousands of purchasers (if not more) dispersed throughout the State of California. Accordingly, it would be impracticable to join all members of the Class before the Court.

41. **Common Questions Predominate:** There are numerous and substantial questions of law or fact common to all members of the Class that predominate over any individual issues. Included within the common questions of law or fact are:

a. Whether Defendant engaged in unlawful, unfair or deceptive business practices by advertising and selling the Products;

b. Whether Defendant's conduct of advertising and selling the Products as only containing plant-based ingredients, creating the reasonable assumption that the Products' do not contain any non-plant-based ingredients, when each of the Products contain some combination of non-plant-based ingredients, constitutes an unfair method of competition, or unfair or deceptive act or practice, in violation of Civil Code section 1750, *et seq*.;

c. Whether Defendant used deceptive representation in connection with the sale of the Products in violation of Civil Code section 1750, *et seq*.;

d. Whether Defendant represented that the Products have characteristics or quantities that they do not have in violation of Civil Code section 1750, *et seq*.;

e. Whether Defendant advertised the Products with intent not to sell them as advertised in violation of Civil Code section 1750, *et seq*.;

f. Whether Defendant's labeling and advertising of the Products is untrue or misleading in violation of Business and Professions Code section 17500, *et seq*.;

Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malk@pogolaw.com

g.   Whether Defendant knew or by the exercise of reasonable care should have known its labeling and advertising was and is untrue or misleading in violation of Business and Professions Code section 17500, *et seq.*;

h.   Whether Defendant's conduct is an unfair business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

i.   Whether Defendant's conduct is a fraudulent business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

j.   Whether Defendant's conduct is an unlawful business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

k.   Whether Plaintiff and the Class paid more money for the Products than they actually received;

l.   How much more money Plaintiff and the Class paid for the Products than they actually received;

m.   Whether Defendant's conduct constitutes breach of warranty;

n.   Whether Plaintiff and the Class are entitled to injunctive relief; and

o.   Whether Defendant was unjustly enriched by its unlawful conduct.

42.   **Typicality**:  Plaintiff's claims are typical of the claims of the Class Members he seeks to represent because Plaintiff, like the Class Members, purchased Defendant's misleading and deceptive Products. Defendant's unlawful, unfair and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced.  Plaintiff and the Class sustained similar injuries arising out of Defendant's conduct.  Plaintiff's and Class Members' claims arise from the same practices and course of conduct and are based on the same legal theories.

43.   **Adequacy**: Plaintiff is an adequate representative of the Class he seeks to represent because his interests do not conflict with the interests of the Class Members Plaintiff seeks to represent. Plaintiff will fairly and adequately protect Class Members' interests and has retained counsel experienced and competent in the

Malk & Pogo Law Group, LLP  |  1241 S. Glendale, Ave Suite 204, Glendale, CA 91205  |  P: (818) 484-5204  |  malkpogolaw.com

prosecution of complex class actions, including complex questions that arise in consumer protection litigation.

44.     **Superiority and Substantial Benefit:** A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

a.      The claims presented in this case predominate over any questions of law or fact, if any exist at all, affecting any individual member of the Class;

b.      Absent a Class, the members of the Class will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoy its ill-gotten gains;

c.      Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

d.      When the liability of Defendant has been adjudicated, claims of all members of the Class can be administered efficiently and/or determined uniformly by the Court; and

e.      This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the harm caused to them by Defendant.

45.     **Inconsistent Rulings.** Because Plaintiff seeks relief for all members of the Class, the prosecution of separate actions by individual members would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendant.

46.     **Injunctive/Equitable Relief.** The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met as Defendant has acted or refused to act on grounds generally applicable to the Class,

Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malkpogolaw.com

CLASS ACTION COMPLAINT

thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

47.  **Manageability.** Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## COUNT ONE

### Violation of California Unfair Competition Law

### (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)

### (*On Behalf of the California Subclass*)

48.  **Incorporation by Reference.** Plaintiff re-alleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

49.  **California Subclass.** This cause of action is brought pursuant to Business and Professions Code Section 17200, *et seq.*, on behalf of Plaintiff and a California Subclass who purchased the Products within the applicable statute of limitations.

50.  **The UCL.** California Business & Professions Code, sections 17200, *et seq.* (the **"UCL"**) prohibits unfair competition and provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising."

51.  **False Advertising Claims.** Defendant, in its labeling and advertising of the Products, made false and misleading statements and fraudulent omissions regarding the quality and characteristics of the Products—specifically, the Challenged Representation (i.e., that the Products are composed of only plant-based ingredients) — despite the fact the Products also contain some combination of six non-plant-based, synthetic ingredients. Such claim and omission appear on the front labels of the Products, which are sold at retail stores, point-of-purchase displays, and online.

52.  **Defendant's Deliberately False and Fraudulent Marketing Scheme.** Defendant does not have any reasonable basis for the claims about the Products made in Defendant's advertising and on Defendant's labeling because the Productss'

Malk & Pogo Law Group, LLP  |  1241 S. Glendale, Ave Suite 204, Glendale, CA 91205  |  P: (818) 484-5204  |  malkpogolaw.com

Malik & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malikpogolaw.com

ingredients are non-plant-based, unnatural, synthetic, and/or artificial. Defendant knew and knows that the Products contain non-plant-based ingredients, yet Defendant intentionally advertises and markets the Products to cause reasonable consumers to believe that the Products are plant-based.

53. **False Advertising Claims Cause Purchase of Products.** Defendant's labeling and advertising of the Products led to, and continues to lead to, reasonable consumers, including Plaintiff, believing that the Products contained only plant-based ingredients, to the exclusion of non-plant-based, synthetic ingredients.

54. **Injury In Fact.** Plaintiff and the California Subclass have suffered injury in fact and have lost money or property as a result of and in reliance upon Defendant's Challenged Representation—namely Plaintiff and the California Subclass lost the purchase price for the Products they bought from the Defendant.

55. **Conduct Violates the UCL.** Defendant's conduct, as alleged herein, constitutes unfair, unlawful, and fraudulent business practices pursuant to the UCL. The UCL prohibits unfair competition and provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising." Cal. Bus & Prof. Code § 17200. In addition, Defendant's use of various forms of advertising media to advertise, call attention to, or give publicity to the sale of goods or merchandise that are not as represented in any manner constitutes unfair competition, unfair, deceptive, untrue or misleading advertising, and an unlawful business practice within the meaning of Business and Professions Code Sections 17200 and 17531, which advertisements have deceived and are likely to deceive the consuming public, in violation of Business and Professions Code Section 17200.

56. **No Reasonably Available Alternatives/Legitimate Business Interests.** Defendant failed to avail itself of reasonably available, lawful alternatives to further its legitimate business interests.

CLASS ACTION COMPLAINT

57. **Business Practice.** All of the conduct alleged herein occurred and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern, practice and/or generalized course of conduct, which will continue on a daily basis until Defendant voluntarily alters its conduct or Defendant is otherwise ordered to do so.

58. **Injunction.** Pursuant to Business and Professions Code Sections 17203 and 17535, Plaintiff and the members of the California Subclass seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of labeling and advertising the sale and use of the Products. Likewise, Plaintiff and the members of the California Subclass seek an order requiring Defendant to disclose such misrepresentation, and to preclude Defendant's failure to disclose the existence and significance of said misrepresentation.

59. **Causation/Damages.** As a direct and proximate result of Defendant's misconduct in violation of the UCL, Plaintiff and members of the California Subclass were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the California Subclass have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for violation of the UCL in damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiff and the California Subclass for said monies, as well as injunctive relief to enjoin Defendant's misconduct to prevent ongoing and future harm that will result.

60. **Punitive Damages.** Plaintiff seeks punitive damages pursuant to this cause of action for violation of the UCL on behalf of Plaintiff and the California Subclass. Defendant's unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law. Defendant's misconduct is malicious as

Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malkpogolaw.com

Defendant acted with the intent to cause Plaintiff and consumers to pay for Products that they were not, in fact, receiving. Defendant willfully and knowingly disregarded the rights of Plaintiff and consumers as Defendant was, at all times, aware of the probable dangerous consequences of its conduct and deliberately failed to avoid misleading consumers, including Plaintiff. Defendant's misconduct is oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such corporate misconduct. Said misconduct subjected Plaintiff and consumers to cruel and unjust hardship in knowing disregard of their rights. Defendant's misconduct is fraudulent as Defendant intentionally misrepresented and/or concealed material facts with the intent to deceive Plaintiff and consumers. The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendant.

### **"Unfair" Prong**

61. **Unfair Standard.** Under the UCL, a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid." *Camacho v. Auto Club of Southern California,* 142 Cal. App. 4th 1394, 1403 (2006).

62. **Injury.** Defendant's action of mislabeling the Products with the Challenged Representation do not confer any benefit to consumers; rather, doing so causes injuries to consumers, who do not receive products commensurate with their reasonable expectations, overpay for the Products, and receive Products of lesser standards than what they reasonably expected to receive. Consumers cannot avoid any of the injuries caused by Defendant's deceptive labeling and/or advertising of the Products. Accordingly, the injuries caused by Defendant's deceptive labeling and advertising outweigh any benefits.

63. **Balancing Test.** Some courts conduct a balancing test to decide if a challenged activity amounts to unfair conduct under California Business and

CLASS ACTION COMPLAINT

Professions Code Section 17200. They "weigh the utility of the Defendant's conduct against the gravity of the harm to the alleged victim." *Davis v. HSBC Bank Nevada, N.A.,* 691 F.3d 1152, 1169 (9th Cir. 2012).

64.    **No Utility.** Here, Defendant's conduct of labeling the Products as made with plant-based ingredients—when the Products contain numerous non-plant-based ingredients, has no utility and financially harms purchasers. Thus, the utility of Defendant's conduct is vastly outweighed by the gravity of harm.

65.    **Legislative Declared Policy.** Some courts require that "unfairness must be tethered to some legislative declared policy or proof of some actual or threatened impact on competition." *Lozano v. AT&T Wireless Servs. Inc.,* 504 F. 3d 718, 735 (9th Cir. 2007).

66.    **Unfair Conduct.** Defendant's labeling and advertising of the Products, as alleged herein, is false, deceptive, misleading, and unreasonable, and constitutes unfair conduct. Defendant knew or should have known of its unfair conduct. Defendant's misrepresentation constitutes an unfair business practice within the meaning of California Business and Professions Code Section 17200.

67.    **Reasonably Available Alternatives.** There existed reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Defendant could have refrained from labeling the Products with the Challenged Representation.

68.    **Defendant's Wrongful Conduct.** All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

69.    **Injunction.** Pursuant to Business and Professions Code Sections 17203, Plaintiff and the California Subclass seek an order of this Court enjoining Defendants from continuing to engage, use, or employ its practices of labeling the Products with the Challenged Representation.

70.  **Causation/Damages.** Plaintiff and the California Subclass have suffered injury in fact and have lost money as a result of Defendant's unfair conduct. Plaintiff and the California Subclass paid an unwarranted premium for the Products. Specifically, Plaintiff and the California Subclass paid for Products that were supposedly made with only plant-based ingredients, but instead purchased Products that contain numerous non-plant-based ingredients. Plaintiff and the California Subclass would not have purchased the Products, or would have paid substantially less for the Products, if they had known that the Products' advertising and labeling were deceptive. Accordingly, Plaintiff seeks damages, restitution and/or disgorgement of ill-gotten gains pursuant to the UCL.

### "Fraudulent" Prong

71.  **Fraud Standard.** The UCL considers conduct fraudulent (and prohibits said conduct) if it is likely to deceive members of the public. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992).

72.  **Fraudulent & Material Challenged Representation. Defendant** used the Challenged Representation with the intent to sell the Products to consumers, including Plaintiff and the California Subclass. The Challenged Representation is false, and Defendant knew or should have known of its falsity. The Challenged Representation is likely to deceive consumers into purchasing the Products because it is material to the average, ordinary, and reasonable consumer.

73.  **Fraudulent Business Practice.** As alleged herein, the misrepresentation by Defendant constitutes a fraudulent business practice in violation of California Business & Professions Code Section 17200.

74.  **Reasonable and Detrimental Reliance.** Plaintiff and the California Subclass reasonably and detrimentally relied on the material and false Challenged Representation to their detriment in that they purchased the Products.

75.  **Reasonably Available Alternatives. Defendant** had reasonably available alternatives to further its legitimate business interests, other than the conduct

Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malkpogolaw.com

described herein. Defendant could have refrained from labeling the Products with the Challenged Representation.

76. **Business Practice.** All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct.

77. **Injunction.** Pursuant to Business and Professions Code Sections 17203, Plaintiff and the California Subclass seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of labeling the Products with the Challenged Representation.

78. **Causation/Damages.** Plaintiff and the California Subclass have suffered injury in fact and have lost money as a result of Defendant's unfair conduct. Plaintiff and the California Subclass paid an unwarranted premium for the Products. Specifically, Plaintiff and the California Subclass paid for Products that were supposedly made with only plant-based ingredients, but instead purchased Products that contain numerous non-plant-based ingredients. Plaintiff and the California Subclass would not have purchased the Products, or would have paid substantially less for the Products, if they had known that the Products' advertising and labeling were deceptive. Accordingly, Plaintiff seeks damages, restitution and/or disgorgement of ill-gotten gains pursuant to the UCL.

### "Unlawful" Prong

79. **Unlawful Standard.** The UCL identifies violations of other laws as "unlawful practices that the unfair competition law makes independently actionable." *Velazquez v. GMAC Mortg. Corp.,* 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

80. **Violations of CLRA and FAL.** Defendant's labeling of the Products, as alleged herein, violates California Civil Code sections 1750, *et seq.* (the "**CLRA**") and California Business and Professions Code sections 17500, *et seq.* (the "**FAL**") as set forth below in the sections regarding those causes of action.

Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malkpogolaw.com

81.    **Additional Violations.** Defendant's conduct in making the false representation described herein constitutes a knowing failure to adopt policies in accordance with and/or adherence to applicable laws, as set forth herein, all of which are binding upon and burdensome to its competitors. This conduct engenders an unfair competitive advantage for Defendant, thereby constituting an unfair, fraudulent and/or unlawful business practice under California Business & Professions Code sections 17200-17208. Additionally, Defendant's misrepresentation of material facts, as set forth herein, violates California Civil Code sections 1572, 1573, 1709, 1710, 1711, and 1770, as well as the common law.

82.    **Unlawful Conduct.** Defendant's labeling and advertising of the Products, as alleged herein, are false, deceptive, misleading, and unreasonable, and constitute unlawful conduct. Defendant knew or should have known of its unlawful conduct.

83.    **Reasonably Available Alternatives. Defendant** had reasonably available alternatives to further its legitimate business interests, other than the conduct described herein. Defendant could have refrained from labeling the Products with the Challenged Representation and/or omitting that the Products contained non-plant-based ingredients.

84.    **Business Practice.** All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct.

85.    **Injunction.** Pursuant to Business and Professions Code Section 17203, Plaintiff and the California Subclass seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of false and deceptive advertising of the Products.

86.    **Causation/Damages.** Plaintiff and the California Subclass have suffered injury in fact and have lost money as a result of Defendant's unfair conduct. Plaintiff and the California Subclass paid an unwarranted premium for the Products.

CLASS ACTION COMPLAINT

Specifically, Plaintiff and the California Subclass paid for Products that were supposedly comprised of only plant-based ingredients, but instead purchased Products that contain numerous non-plant-based ingredients. Plaintiff and the California Subclass would not have purchased the Products, or would have paid substantially less for the Products, if they had known that the Products' advertising and labeling were deceptive. Accordingly, Plaintiff seeks damages, restitution and/or disgorgement of ill-gotten gains pursuant to the UCL.

## COUNT TWO

### Violation of California False Advertising Law

### (Cal. Bus. & Prof. Code §§ 17500, *et seq.*)

### (*On Behalf of the California Subclass*)

87. **Incorporation by reference.** Plaintiff re-alleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

88. **California Subclass.** Plaintiff brings this claim individually and on behalf of the California Subclass who purchased the Products within the applicable statute of limitations.

89. **FAL Standard.** The False Advertising Law, codified at Cal. Bus. & Prof. Code section 17500, *et seq.*, prohibits "unfair, deceptive, untrue or misleading advertising[.]"

90. **False & Material Challenged Representation Disseminated to Public.** Defendant violated section 17500 when it advertised and marketed the Products through the unfair, deceptive, untrue, and misleading Challenged Representation disseminated to the public through the Products' labeling, marketing, and advertising. This representation was false because the Products do not conform to it. The representation was material because it is likely to mislead a reasonable consumer into purchasing the Products.

91. **Knowledge.** In making and disseminating the representation alleged herein, Defendant knew or should have known that the representation was untrue or misleading, and acted in violation of § 17500.

92. **Intent to Sell.** Defendant's Challenged Representation was specifically designed to induce reasonable consumers, like Plaintiff and the California Subclass, to purchase the Products.

93. **Causation/Damages.** As a direct and proximate result of Defendant's misconduct in violation of the FAL, Plaintiff and members of the California Subclass were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for violation of the FAL in damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiff and the California Subclass for said monies, as well as injunctive relief to enjoin Defendant's misconduct prevent ongoing and future harm that will result.

94. **Punitive Damages.** Defendant's unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law. Defendant's misconduct is malicious as Defendant acted with the intent to cause Plaintiff and consumers to pay for Products that they were not, in fact, receiving. Defendant willfully and knowingly disregarded the rights of Plaintiff and consumers as Defendant was aware of the probable dangerous consequences of its conduct and deliberately failed to avoid misleading consumers, including Plaintiff. Defendant's misconduct is oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such corporate misconduct. Said misconduct subjected Plaintiff and consumers to cruel and unjust hardship in knowing disregard of their

Malk & Pogo Law Group, LLP  |  1241 S. Glendale, Ave Suite 204, Glendale, CA 91205  |  P: (818) 484-5204  |  malkpogolaw.com

Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malkpogolaw.com

rights. Defendant's misconduct is fraudulent as Defendant, at all relevant times, intentionally misrepresented and/or concealed material facts with the intent to deceive Plaintiff and consumers. The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendant.

<u>**COUNT THREE**</u>

**Violation of California Consumers Legal Remedies Act**

**(Cal. Civ. Code §§ 1750, *et seq*.)**

**(*On Behalf of the California Subclass*)**

95. **Incorporation by Reference.** Plaintiff re-alleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

96. **California Subclass.** Plaintiff brings this claim individually and on behalf of the California Subclass who purchased the Products within the applicable statute of limitations.

97. **CLRA Standard.** The CLRA provides that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful."

98. **Goods/Services.** The Products are "goods," as defined by the CLRA in California Civil Code §1761(a).

99. **Defendant. Defendant** is a "person," as defined by the CLRA in California Civil Code §1761(c).

100. **Consumers.** Plaintiff and members of the California Subclass are "consumers," as defined by the CLRA in California Civil Code §1761(d).

101. **Transactions.** The purchase of the Products by Plaintiff and members of the California Subclass are "transactions" as defined by the CLRA under California Civil Code § 1761(e).

102. **Violations of the CLRA. Defendant** violated the following sections of the CLRA by selling the Products to Plaintiff and the California Subclass through the false, misleading, deceptive, and fraudulent Challenged Representation:

    a. Section 1770(a)(5) by representing that the Products have "characteristics, . . . uses [or] benefits . . . which [they] do not have."

    b. Section 1770(a)(7) by representing that the Products "are of a particular standard, quality, or grade . . . [when] they are of another."

    c. Section 1770(a)(9) by advertising the Products "with [the] intent not to sell them as advertised."

103. **Knowledge.** Defendant's uniform and material representation regarding the Products was likely to deceive, and Defendant knew or should have known that its representation was untrue and misleading.

104. **Malicious.** Defendant's conduct is malicious, fraudulent, and wanton in that Defendant intentionally misled and withheld material information from consumers, including Plaintiff, to increase the sale of the Products.

105. **Plaintiff Could Not Have Avoided Injury.** Plaintiff and members of the California Subclass could not have reasonably avoided such injury. Plaintiff and members of the California Subclass were unaware of the existence of the facts that Defendant suppressed and failed to disclose, and Plaintiff and members of the California Subclass would not have purchased the Products and/or would have purchased them on different terms had they known the truth.

106. **Causation/Reliance/Materiality.** Plaintiff and the California Subclass suffered harm as a result of Defendant's violations of the CLRA because they relied on the Challenged Representation in deciding to purchase the Products. The Challenged Representation was a substantial factor. The Challenged Representation was material because a reasonable consumer would consider it important in deciding whether to purchase the Products.

Malk & Pogo Law Group, LLP  |  1241 S. Glendale, Ave Suite 204, Glendale, CA 91205  |  P: (818) 484-5204  |  malkpogolaw.com

107.    **Section 1782(d)—Prelitigation Demand/Notice.** Pursuant to California Civil Code, section 1782, more than thirty days prior to the filing of this complaint, on or around December 26, 2024, Plaintiff's counsel, acting on behalf all members of the Class, mailed a Demand Letter, via U.S. certified mail, return receipt requested, addressed to Defendant OMI Industries, Inc. at its headquarters and principal place of business (220 N Smith Street, Unit 315, Palatine, IL 60067). A letter was also sent to its registered agent for service of process (Daniel J Dowd, at 4118 Three Lakes Drive, Long Grove, IL 60047), as well as its registered agent for service of process (George E Antrim, III, at 15 East Franklin Avenue, Suite 428, Minneapolis, MN 55404).

108.    **Causation/Damages.**    As a direct and proximate result of Defendant's misconduct in violation of the CLRA, Plaintiff and members of the California Subclass were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for violation of this Act in the form of damages, restitution, disgorgement of ill-gotten gains to compensate Plaintiff and the California Subclass for said monies.

109.    **Injunction.** Given that Defendant's conduct violated California Civil Code section 1780, Plaintiff and members of the California Subclass are entitled to seek, and do hereby seek, injunctive relief to put an end to Defendant's violations of the CLRA and to dispel the public misperception generated, facilitated, and fostered by Defendant's false advertising campaign. Plaintiff has no adequate remedy at law. Without equitable relief, Defendant's unfair and deceptive practices will continue to harm Plaintiff and the California Subclass. Accordingly, Plaintiff seeks an injunction to enjoin Defendant from continuing to employ the unlawful methods, acts, and practices alleged herein pursuant to section 1780(a)(2), and otherwise requires Defendant to take corrective action necessary to dispel the public misperception

Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malkpogolaw.com

engendered, fostered, and facilitated through Defendant's deceptive labeling of the Products with the Challenged Representation.

110.      **Punitive Damages.** Defendant's unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law. Defendant's misconduct is malicious as Defendant acted with the intent to cause Plaintiff and consumers to pay for Products that they were not, in fact, receiving. Defendants willfully and knowingly disregarded the rights of Plaintiff and consumers as Defendants were, at all times, aware of the probable dangerous consequences of its conduct and deliberately failed to avoid misleading consumers, including Plaintiff. Defendant's misconduct is oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such corporate misconduct. Said misconduct subjected Plaintiff and consumers to cruel and unjust hardship in knowing disregard of their rights. Defendant's misconduct is fraudulent as Defendant, at all relevant times, intentionally misrepresented and/or concealed material facts with the intent to deceive Plaintiff and consumers.  The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendant. Accordingly, Plaintiff seeks an award of punitive damages against Defendant.

## COUNT FOUR

### Breach of Warranty

### (*On Behalf of the Nationwide Class and California Subclass*)

111. **Incorporation by Reference.** Plaintiff re-alleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

112. **Nationwide Class & California Subclass.** Plaintiff brings this claim individually and on behalf of the Class who purchased the Products within the applicable statute of limitations.

Malk & Pogo Law Group, LLP  |  1241 S. Glendale, Ave Suite 204, Glendale, CA 91205  |  P: (818) 484-5204  |  malkpogolaw.com

113. **Express Warranty.** By advertising and selling the Products at issue, Defendant made promises and affirmations of fact on the Products' labeling, and through its marketing and advertising, as described herein. This labeling and advertising constitute express warranties and became part of the basis of the bargain between Plaintiff and members of the Class and Defendant. Defendant purports, through the Products' labeling and advertising, to create express warranties that the Products, among other things, conform to the Challenged Representation.

114. **Implied Warranty of Merchantability.** By advertising and selling the Products at issue, Defendant, merchant of goods, made promises and affirmations of fact that the Products are merchantable and conform to the promises or affirmations of fact made on the Products' labeling, and through its marketing and advertising, as described herein. This labeling and advertising, combined with the implied warranty of merchantability, constitute warranties that became part of the basis of the bargain between Plaintiff and members of the Class and Defendant—to wit, that the Products, among other things, conform to the Challenged Representation.

115. **Breach of Warranty.** Contrary to Defendant's express warranties, the Products do not conform to the Challenged Representation and, therefore, Defendant breached its warranties about the Products and their qualities.

116. **Causation/Remedies.** As a direct and proximate result of Defendant's breach of express warranty, Plaintiff and members of the Class were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for breach of warranty in the form of damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiff and the Class for said monies, as well as injunctive relief to enjoin Defendant's misconduct to prevent ongoing and future harm that will result.

117. **Punitive Damages.**  Plaintiff seeks punitive damages pursuant to this cause of action for breach of warranty on behalf of Plaintiff and the Class. Defendant's unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law. Defendant's misconduct is malicious as Defendant acted with the intent to cause Plaintiff and consumers to pay for Products that they were not, in fact, receiving. Defendant willfully and knowingly disregarded the rights of Plaintiff and consumers as Defendant was aware of the probable dangerous consequences of its conduct and deliberately failed to avoid misleading consumers, including Plaintiff. Defendant's misconduct is oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such misconduct.  Said misconduct subjected Plaintiff and consumers to cruel and unjust hardship in knowing disregard of their rights. Defendant's misconduct is fraudulent as Defendant, at all relevant times, intentionally misrepresented and/or concealed material facts with the intent to deceive Plaintiff and consumers. The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendant.

## <u>COUNT FIVE</u>

### UNJUST ENRICHMENT/RESTITUTION

### (*On Behalf of the Nationwide Class and California Subclass*)

118. **Incorporation by Reference.** Plaintiff re-alleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

119. **Nationwide Class & California Subclass.** Plaintiff brings this claim individually and on behalf of the Class who purchased the Products within the applicable statute of limitations.

Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malkpogolaw.com

120. **Plaintiff/Class Conferred a Benefit.** By purchasing the Products, Plaintiff and members of the Class conferred a benefit on Defendant in the form of the purchase price of the Products.

121. **Defendant's Knowledge of Conferred Benefit. Defendant** had knowledge of such benefit and Defendant appreciated the benefit because, were consumers not to purchase the Products, Defendants would not generate revenue from the sales of the Products.

122. **Defendant's Unjust Receipt Through Deception.** Defendant's owing acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant's fraudulent, misleading, and deceptive representation and omission.

123. **Causation/Damages.** As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the Class were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for unjust enrichment in damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiff and the Class for said monies, as well as injunctive relief to enjoin Defendant's conduct to prevent ongoing and future harm that will result.

124. **Punitive Damages.** Plaintiff seeks punitive damages pursuant to this cause of action for unjust enrichment on behalf of Plaintiff and the Class. Defendant's unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law. Defendant's misconduct is malicious as Defendant acted with the intent to cause Plaintiff and consumers to pay for Products that they were not, in fact, receiving. Defendant willfully and knowingly disregarded the rights of Plaintiff and

Malik & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malikpogolaw.com

consumers as Defendant was aware of the probable dangerous consequences of its conduct and deliberately failed to avoid misleading consumers, including Plaintiff. Defendant's misconduct is oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such corporate misconduct. Said misconduct subjected Plaintiff and consumers to cruel and unjust hardship in knowing disregard of their rights. Defendant's misconduct is fraudulent as Defendant, at all relevant times, intentionally misrepresented and/or concealed material facts with the intent to deceive Plaintiff and consumers. The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendants.

## COUNT SIX

## COMMON LAW FRAUD

### (*On Behalf of the Nationwide Class and California Subclass*)

125. **Incorporation by Reference.** Plaintiff re-alleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

126. **Nationwide Class & California Subclass.** Plaintiff brings this claim individually and on behalf of the Class who purchased the Products within the applicable statute of limitations.

127. Defendant has willfully, falsely, and knowingly labeled and marketed the Products as plant-based. However, the Products contain numerous non-plant based ingredients. Defendant has misrepresented the quality of ingredients contained in the Products.

128. Defendant's misrepresentations are and were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making his or his purchase decision), because they relate to the quality of personal care products purchased and used on the body.

CLASS ACTION COMPLAINT

129. Defendant knew of, or showed reckless disregard for, the fact that the Products contained a numerous non-plant based ingredients.

130. Defendant intended for Plaintiff and the Class to rely on these representations, as evidenced by Defendant's intentional labeling and marketing of the Products as "plant-based."

131. Plaintiff and the Class have reasonably and detrimentally relied on Defendant's misrepresentations when purchasing the Products and, had they known the truth, they would not have purchased the Products or would have paid significantly less for the Products.

132. Therefore, as a direct and proximate result of Defendant's fraud, Plaintiff and members of the Class have suffered injury in fact.

## COUNT SEVEN

## INTENTIONAL MISREPRESENTATION

### (*On Behalf of the Nationwide Class and California Subclass*)

133. **Incorporation by Reference.** Plaintiff re-alleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

134. **Nationwide Class & California Subclass.** Plaintiff brings this claim individually and on behalf of the Class who purchased the Products within the applicable statute of limitations.

135. Defendant has intentionally and knowingly labeled and marketed the Products as plant-based. However, the Products contain numerous non-plant based ingredients. Defendant has misrepresented the quality of ingredients contained in the Products.

136. Defendant's misrepresentations regarding the Products are material to a reasonable consumer, as they relate to the quality of product received by consumers. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making his or his purchase decision.

CLASS ACTION COMPLAINT

Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malkpogolaw.com

137.  At all relevant times when such misrepresentations were made, Defendant knew or should have known that the representations were misleading.

138.  Defendant intended for Plaintiff and the Class to rely on the front labeling and marketing of the Products', as evidenced by Defendant's intentional manufacturing, marketing, labeling, and selling of Products with non-plant based ingredients.

139.  Plaintiff and members of the Class reasonably and justifiably relied on Defendant's intentional misrepresentations when purchasing the Products, and had they known the truth, they would not have purchased the Products or would have purchased them at significantly lower prices.

140.  As a direct and proximate result of Defendant's intentional misrepresentations, Plaintiff and members of the Class have suffered injury in fact.

## COUNT EIGHT

## NEGLIGENT MISREPRESENTATION

### (*On Behalf of the Nationwide Class and California Subclass*)

141.  **Incorporation by Reference.** Plaintiff re-alleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

142.  **Nationwide Class & California Subclass.** Plaintiff brings this claim individually and on behalf of the Class who purchased the Products within the applicable statute of limitations.

143.  Defendant has negligently labeled and marketed the Products as plant-based. However, the Products contain numerous non-plant based ingredients. Defendant has misrepresented the quality of ingredients contained in the Products.

144.  Defendant's misrepresentations regarding the Products are material to a reasonable consumer, as they relate to the quality of product received by consumers. A reasonable consumer would attach importance to such representations and would be induced to act thereon in making his or his purchase decision.

CLASS ACTION COMPLAINT

Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malkpogolaw.com

145.  At all relevant times when such misrepresentations were made, Defendant knew or should have known that the representations were misleading.

146.  Defendant intended for Plaintiff and the Class to rely on the front labeling and marketing of the Products', as evidenced by Defendant's intentional manufacturing, marketing, labeling, and selling of Products with non-plant based ingredients.

147.  Plaintiff and members of the Class reasonably and justifiably relied on Defendant's intentional misrepresentations when purchasing the Products, and had they known the truth, they would not have purchased the Products or would have purchased them at significantly lower prices.

148.  As a direct and proximate result of Defendant's intentional misrepresentations, Plaintiff and members of the Class have suffered injury in fact.

## PRAYER FOR RELIEF

149.  WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against Defendant as follows:

a. **Certification:** For an order certifying this action as a class action, appointing Plaintiff as the Class Representative, and appointing Plaintiff's Counsel as Class Counsel, consistent with applicable law;

b. **Declaratory Relief:** For an order declaring that Defendant's conduct violates the statutes and laws referenced herein, consistent with applicable law and pursuant to only those causes of action so permitted;

c. **Injunction:** For an order requiring Defendant to change its business practices to prevent or mitigate the risk of the consumer deception and violations of law outlined herein. This includes, for example, orders that Defendant immediately cease and desist from selling the unlawful Products in violation of law; that enjoin Defendant from continuing to market, advertise, distribute, and sell the Products in the unlawful manner described herein; that require Defendant to engage in an affirmative advertising campaign to dispel the public misperception of the Products resulting from Defendant's unlawful conduct; and/or that require Defendant to take all further and just corrective action, consistent with applicable law and pursuant to only those causes of action so permitted;

d. **Damages/Restitution/Disgorgement:** For an order awarding monetary

Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malkpogolaw.com

compensation in the form of damages, restitution, and/or disgorgement to Plaintiff and the Class, consistent with applicable law and pursuant to only those causes of action so permitted;

e. **Punitive Damages/Penalties:** For an order awarding punitive damages, statutory penalties, and/or monetary fines, consistent with applicable law and pursuant to only those causes of action so permitted;

f. **Attorneys' Fees & Costs:** For an order awarding attorneys' fees and costs, consistent with applicable law and pursuant to only those causes of action so permitted;

g. **Pre/Post-Judgment Interest:** For an order awarding pre-judgment and post-judgment interest, consistent with applicable law and pursuant to only those causes of action so permitted; and

h. **All Just & Proper Relief:** For such other and further relief as the Court deems just and proper.

## **<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a trial by jury on all issues and causes of action so triable.

DATED: February 11, 2025        **MALK & POGO LAW GROUP, LLP**

Valter Malkhasyan, Esq.
Erik Pogosyan, Esq.

*Counsel for Plaintiff and the Proposed Class*

CLASS ACTION COMPLAINT

Malk & Pogo Law Group, LLP | 1241 S. Glendale, Ave Suite 204, Glendale, CA 91205 | P: (818) 484-5204 | malkpogolaw.com